Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

LARRY ALPHONSO ANTHONY II,

               Defendant.

Case No.  2:20-CR-00180-TOR-1

United States' Sentencing Memorandum

Plaintiff, United States of America, by and through  Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington and Richard R. Barker, Assistant United States Attorney, hereby submits the enclosed sentencing memorandum.  As set forth herein, the United States respectfully requests a sentence of 4 months' incarceration with credit for time served, 3 years' supervised release, and $2,750 in restitution to be paid to M.I., for the damage to his 2009 Kia Optima.  A mandatory special assessment of $100 should also be imposed at the time of sentencing.

### STATEMENT OF FACTS

As set forth in the parties' plea agreement and the PSIR, at approximately 1:35 AM on Nov. 29, 2019, Colville Tribal Police Department received a report of a vehicle theft and assault of the driver, whose initials are S.I.  S.I. and her friend were driving in the area of the New HUD neighborhood in Nespelem, Washington, which is in the external boundaries of the Colville Reservation.  ECF No. 61, ¶¶ 9-21.  That night, S.I.

*United States' Sentencing Memorandum – Larry Alfonso Anthony II.*

and the friend decided to park at another friend's house in order to smoke methamphetamine. Upon parking, Laweesa Anthony, who is an enrolled member of the Colville Tribe, walked up to S.I.'s car. During a brief verbal altercation, S.I. put her hand near Laweesa Anthony's face, and Laweesa slapped it away. *Id.* The two women then got into a physical altercation, with Laweesa Anthony striking S.I. in the face and grabbing S.I.'s neck. By this time S.I. was out of the car. As a result of the assault, S.I. suffered bodily injury, to include bruises to her face and neck, scratches to her face, and a bruised lip. *Id.*

At some point during or immediately after the assault, Defendant Larry Anthony, who traveled with Laweesa to the scene got out of Laweesa's car and got into the 2009 Kia Optima, which S.I had been driving. *See id.* The Kia Optima belonged to S.I.'s father – M.I. Defendant proceeded to take the car from S.I.'s possession and crashed it into a tree, causing extensive damage to the Optima. *Id.* Ultimately the car, which was worth about $2,750 at the time of the incident was determined to be a total loss. Below are photographs of the damage to M.I.'s Kia Optima:

 

## VICTIM IMPACT and RESTITUTION

S.I. has indicated that she was severely impacted by the assault and theft of her car. She indicated in statements to Tribal law enforcement and to the United States that she believes that the Defendants should serve some measure of jail time for this offense. With respect to restitution, the United States is requesting that Mr. Anthony pay $2,750 to. M.I., which is based on the damage to his 2009 Kia Optima. *See* ECF No. 61-1.

*United States' Sentencing Memorandum – Larry Alfonso Anthony II.*

## GUIDELINES' CALCULATIONS

Based on a final adjusted offense level of 6, a criminal history category of I, the government agrees with the United States Probation Office that the advisory guideline range applicable to Defendant's case is 0 to 6 months' imprisonment. ECF No. 61, ¶101.

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, the Court should consider the factors set forth in 18 U.S.C. § 3553(a).

**A.    The nature and circumstances of the offense, history, and characteristics of the Defendant**

The nature and circumstances of the offense, as described in the factual statement are troubling. While Defendant's sister has asserted that she approached S.I. for reasons related to drug distribution and a road incident, *see* ECF No. 58, ¶¶ 22-24, these alleged events do not even remotely justify the subsequent assault and theft of S.I.'s car. Defendant's subsequent actions – crashing the car into a tree, wrecking both the front and back ends of the vehicle – reflect immaturity and a disregard for other people's property Defendant's actions were dangerous and resulted in harm, not only to S.I., but also property damage to S.I.'s father, whose car was damaged beyond repair.

Defendant's personal characteristics and history are also troubling.  While he does fall within Criminal History Category I, he has a number of unscored tribal convictions that reflect his conduct in this case was not an aberration.  For example, in 2019, he was convicted by the Colville Tribe of driving offenses, drug offenses, and attempting to elude police.  He also has a 2019 conviction for conduct similar to that in this case – stealing a car from the person or presence of another and then abandoning it. *See* ECF No 61, ¶¶ 53-54.

Aside from his criminal history, Defendant also struggles with substance abuse, including alcohol, methamphetamine, cocaine, and (according to his sister), heroin. *See* ECF No. 61, ¶¶ 70-71.  He also suffers from anxiety and exhibits poor decision making and judgment. *See id.* at ¶ 68.  These issues, especially his drug use, appear to contribute

*United States' Sentencing Memorandum – Larry Alfonso Anthony II.*

1  greatly to Defendant's escalating criminal conduct.  These issues must be addressed as

2  part of Defendant's supervision.  Otherwise, the risk he will reoffend is high.

3  Notwithstanding his criminal history and drug abuse, Defendant has gained

4  valuable employment skills and has been working in the jail as a baker.  *See* ECF No.

5  61, ¶¶ 73-74.  For him to be successful during any period of supervision, the United

6  States believes it is imperative for Defendant to seek and maintain employment.  If he

7  can do so, while addressing his substantive abuse history, Defendant has the tools to

8  bring his behavior in compliance with the law and be successful while on federal

9  supervision.

10  In short, the offense is troubling, but Defendant has served approximately 4

11  months in federal custody.  Prior to beginning his time in federal custody, Defendant

12  spent several months in tribal custody. With this context in mind, if Defendant were

13  sentenced at the high end of his advisory guidelines range for his offense of conviction,

14  Defendant would face only two additional months (i.e., six months total).  On the

15  current record and taking into account Defendant's family support and the strides

16  Defendant has made while in custody, an additional two months' custody – i.e., beyond

17  what Defendant has already been served – may not be necessary.

18  **B.    The need for the sentence imposed to reflect the seriousness of the offense,**

19  **to promote respect for the law, to provide just punishment for the offense, and deter future criminal conduct.**

20  The offense is serious.  It involved a violent assault against S.I., who reported she

21  was strangled by Defendant's sister during the offense. It involved the theft of the car

22  S.I. was driving and extensive damage to that car.  Given that both the front and rear

23  ends of the vehicle were damaged, and the vehicle was found quite far from the

24  roadway, this would suggest the damage to the vehicle was intentional.

25  Given the seriousness of the offense – which arguably was akin to a carjacking

26  given that the vehicle was taken while Defendant's sister was assaulting S.I. – the

27  United States submits that a total sentence of 4 months, which is above the midpoint of

28  the applicable sentencing guidelines' range, is appropriate.

*United States' Sentencing Memorandum – Larry Alfonso Anthony II.*

**C.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

The best way to ensure consistent sentences for similarly-situated defendants across courtrooms, districts, and the country is for courts to apply the Guidelines in the same manner everywhere. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007); *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). But diminishing sentencing disparities "depends . . . upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction." *United States v. Booker*, 543 U.S. 220, 250 (2005). "That determination is particularly important in the federal system where [some] crimes . . . can encompass a vast range of very different kinds of underlying conduct." *Id.* at 250–51.

Based on the facts of this case and the seriousness of Defendant's conduct, a sentence of 4 months with credit for time served, which is above the midpoint of the applicable guidelines' range, avoids such a disparity in this case.

## V.    SENTENCING RECOMMENDATION

The United States recommends the Court sentence Defendant to 4 months' incarceration with credit for time served, 3 years' supervised release, a mandatory $100 special penalty assessment, and restitution to M.I. in the amount of $2,750. Such a sentence adequately captures the nature and severity of Defendant's offense conduct, as well as his criminal history and acceptance of responsibility.

DATED this 19th day of August 2021.

Respectfully submitted,

Joseph H. Harrington
Acting United States Attorney

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney

*United States' Sentencing Memorandum – Larry Alfonso Anthony II.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing counsel of record.

*s/ Richard R. Barker*
Richard R. Barker
Assistant United States Attorney